UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAMELA HOSIE,                                         :
Individually and on behalf of all others             :
similarly situated,                                  :
                                                     : 07 Civ. 9515 (BSJ) (KNF)
                                    Plaintiff,        :
                                                     :
                      - against -                    :
                                                     :
COLGATE-PALMOLIVE COMPANY                             :
EMPLOYEE RETIREMENT INCOME                            :
PLAN, COLGATE-PALMOLIVE                               :
COMPANY, as Plan Administrator,                       :
                                                     :
                                    Defendants.       :
-------------------------------------------------------x
[Additional captions follow]

**DECLARATION OF EDWARD W. CIOLKO IN SUPPORT OF MOTION BY
PLAINTIFFS PAMELA HOSIE, PAUL CAUFIELD, PAUL ABELMAN, VALERIE R.
NUTTER, WARREN JEMMOTT, SUSAN BYRD, ADRIANA VASQUEZ AND CORA
NELSON-MANLEY TO: CONSOLIDATE ERISA ACTIONS; APPOINT INTERIM CO-
LEAD CLASS COUNSEL; AND FOR ENTRY OF PRETRIAL ORDER NO. 1**

```
-------------------------------------------------x
PAUL CAUFIELD,                                   :
Individually and on behalf of all others         :
similarly situated,                              :
                                                 : 08 Civ. 3316 (BSJ) (KNF)
                            Plaintiff,           :
                                                 :
               - against -                       :
                                                 :
COLGATE-PALMOLIVE COMPANY                         :
EMPLOYEES' RETIREMENT INCOME                      :
PLAN                                             :
                            Defendant.           :
-------------------------------------------------x
-------------------------------------------------x
PAUL ABELMAN, et al.                             :
Individually and on behalf of all others         :
similarly situated,                              :
                                                 : 08 Civ. 3317 (BSJ) (KNF)
                            Plaintiffs,          :
                                                 :
               - against -                       :
                                                 :
COLGATE-PALMOLIVE COMPANY, and                   :
COLGATE-PALMOLIVE COMPANY                         :
EMPLOYEES' RETIREMENT INCOME                      :
PLAN, et al.,                                    :
                            Defendants.          :
-------------------------------------------------x
```

I, Edward W. Ciolko, declare:

1.      I am a partner at Schiffrin Barroway Topaz & Kessler, LLP ("SBTK"), counsel of record for Pamela Hosie.  I make this declaration in support of the Motion by Plaintiffs Pamela Hosie, Paul Caufield, Paul Abelman, Valerie R. Nutter, Warren Jemmott, Susan Byrd, Adriana Vasquez and Cora Nelson-Manley to: Consolidate ERISA Actions; Appoint Interim Co-Lead Class Counsel; and for Entry of Pretrial Order No. 1.

2.      Attached hereto as Exhibit A is a true and correct copy of the lead counsel appointment order in *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004).

3.      Attached hereto as Exhibit B is a true and correct copy of the lead counsel appointment order *In re WorldCom, Inc. ERISA Litig.*, No. 02-CV-4816 (S.D.N.Y. Nov. 18, 2002).

4.      Attached hereto as Exhibit C is a true and correct copy of the firm biography of SBTK.

5.      Attached hereto as Exhibit D is a true and correct copy of the firm biography of Korein Tillery, LLC.

6.      Attached hereto as Exhibit E is a true and correct copy of the firm biography of Edgar Pauk, Esq.

7.      Attached hereto as Exhibit F is a true and correct copy of the firm biography of Gottesdiener Law Firm, PLLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2008.          /s/  Edward W. Ciolko
                                                          Edward W. Ciolko

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORREIA, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan, <br><br> Plaintiff, <br><br> v. <br><br> GARY DICAMILLO, CARL LUEDERS, DONALD HALSTED, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, MELLON BANK, N.A. BOSTON SAFE DEPOSIT AND TRUST COMPANY and DOES 1-100, <br><br> Defendants. | Case No. 03 CV 8335 (WHP) |

| | |
|---|---|
| JOHN HUDSON, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SAFE DEPOSIT AND TRUST COMPANY, GARY DICAMILLO, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, DONALD HALSTED, JOHN W. LOOSE, CARL LUEDERS, , MELLON BANK, N.A., ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-100, <br><br> Defendants. | Case No. 03 CV 8976 (WHP) |

OTIS D. POWERS and BRADWORD W.    )    Case No. 04 CV 0282 (WHP)
PIRES, on behalf of themselves and all other  )
similarly situated and on behalf of the Polaroid )
Retirement Savings Plan,            )
                           )
              Plaintiffs,   )
                           )
      v.                   )
                           )
GARY DICAMILLO, WILLIAM L.       )
FLAHERTY, JOHN W. LOOSE, ALBIN F.  )
MOSCHNER, RALPH Z. SORENSON,   )
BERNEE D.L. STROM, ALFRED M. ZEIEN, )
and DOES 1-30,             )
                           )
             Defendants.  )

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of ERISA involving the Polaroid Retirement Savings Plan (the "Plan"), a retirement plan established and sponsored by Polaroid Corporation ("Polaroid" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, formal consolidation of the ERISA actions for pretrial purposes and appointment of Liaison Counsel and Co-Lead Counsel is appropriate as consistent with the recommendations of the *Manual for Complex Litigation –Fourth* (2003);

WHEREFORE, the Court hereby Orders as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1. a).    Certain Defendants are not willing to stipulate at this time to consolidation of the actions for trial, but have stipulated to consolidation for pretrial purposes only. Therefore, at this time the above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated for pretrial purposes only ("Consolidated Action"). They shall be referred to collectively as *In re Polaroid ERISA Litigation*, Master File No. 03 CV 8335 (WHP). This order does not constitute a determination as to whether or not these actions should be consolidated for trial pursuant to Fed. R. Civ. P. 42(a), although the Court will determine later in these proceedings whether such consolidation would be appropriate.

b).    All Defendants shall provide a separate statement to the Court on or before June 1, 2004 as to whether they consent to the consolidation of these actions for all purposes, or whether the issue of such further consolidation will be submitted for judicial determination.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE POLAROID ERISA ) <br> LITIGATION ) | MASTER FILE: 03 CV 8335 (WHP) |
| THIS DOCUMENT RELATES TO: ) | |

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

- 2 -

6.    When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.    MASTER FILE AND SEPARATE ACTION FILES

7.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 03 CV 8335 (WHP). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.    NEWLY FILED OR TRANSFERRED ACTIONS

8.    When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and thereafter, the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

9.    The Law Offices of Curtis V. Trinko, LLP shall assist the Clerk by calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each proposed class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Polaroid Retirement Savings Plan. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11.    Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.    ORGANIZATION OF COUNSEL

12.    The Court designates the following to act as Co-Lead Counsel and as Liaison Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

a.    As Co-Lead Counsel for Plaintiffs

> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
> Telephone: (206) 623-1900
> Facsimile: (206) 623-3384

> Schiffrin & Barroway, L.L.P.
> Three Bala Plaza East, Suite 400
> Bala Cynwyd, PA 190004
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056

b.    As Liaison Counsel

> Laws Offices of Curtis V. Trinko, L.L.P.
> 16 West 46th Street, 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Facsimile: (212) 986-0158

13.    Liaison Counsel in the Consolidated Action is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

a). The service of documents will be made pursuant to the Manuel for Complex *Litigation – Fourth (2003).*

1.    <u>Orders</u>. A copy of each order will be provided to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.

2.    <u>Pleadings, Motions, and Other Documents.</u> Plaintiffs' Liaison Counsel will be provided with four (4) copies of each pleading, motion, or other document filed by a party; Defendants' Liaison Counsel will be provided with six (6) copies of each such document. Pursuant to Fed. R. Civ. P. 5, service on liaison counsel constitutes service on other attorneys and parties for whom liaison counsel is acting. Such service shall deemed effective seven days after service on liaison counsel.

14.    Co-Lead Counsel shall have authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel

as they may deem appropriate; (e) retaining plaintiffs' experts; (f) proposing selection of Named

Plaintiffs for inclusion in any and all Consolidated Amended Complaint(s); (g) designating

which attorneys may appear at hearings and conferences with the Court; (h) conducting

settlement negotiations with defendants; and (i) other matters concerning the prosecution of or

resolution of their respective cases.

15.    Co-Lead Counsel shall have authority to communicate with defendants' counsel

and the Court on behalf of all plaintiffs.  Defendants' counsel may rely on all agreements made

with any one of the Co-Lead Counsel, and such agreements shall be binding.

## VIII.    COORDINATION

16.    Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency

in the filing, serving and/or implementation of pleadings, other court papers, discovery papers,

and discovery practice.

## IX.    SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity

a party to any action in which he, she or it has not been named, served or added as such in

accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the

consolidation ordered herein shall not constitute a waiver by any party of any claims in or

defenses to any action.

## X.    PRELIMINARY SCHEDULE OF PROCEEDINGS

18. Each party who has not already done so shall make available for inspection and

copying all Plan-related documents in their possession on or before March 15, 2004:  such

production shall include those documents under which the Plan is established or operated, and

shall also include all Board Minutes and/or Resolutions concerning the appointment, duties and

responsibilities of Plan fiduciaries during the Class Period.  Such Board Minutes and Resolutions

can be redacted for any non-fiduciary matters.]. To the extent any party does not possess any such documents, such party shall so inform the other parties in writing on or before March 15, 2004.

19. When a production is made, the producing party shall notify all other parties of the production, and make copies of the production available to requesting parties at the requesting parties' reasonable expense for copying and delivery.

20. Subject to the Court's approval, Plaintiffs will not seek other discovery from Defendants without leave of Court and for good cause shown until after motions to dismiss filed by the Defendants per the schedule set forth below are resolved by the Court.

21. All parties shall be notified of any third-party production of documents, which also shall be made available to any party requesting copies of such documents at the requesting parties' expense for copying and delivery.

22. Plaintiffs shall file a Consolidated ERISA complaint on or before April 15, 2004. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

23. Defendants shall answer or otherwise respond to the Consolidated ERISA Complaint on or before June 1, 2004. If the Defendants move to dismiss they should do so in a single consolidated motion and memorandum. Plaintiffs shall serve their opposition to any motions brought by Defendants on or before July 12, 2004, and Defendants shall serve their single, consolidated reply, if any, on or before July 26, 2004.

> a). The Court's page limitations on the parties' filings with regard to Defendants' motions to dismiss shall be extended to fifty (50) pages for the Defendants' Consolidated Memorandum In Support Of Their Motions To Dismiss; fifty (50)

pages for Plaintiffs' Memorandum In Opposition To Defendants' Motions To Dismiss; and twenty-five (25) pages for Defendants' Consolidated Reply In Further Support Of Their Motions To Dismiss.

b). Oral Argument with regard to Defendants' Motions to Dismiss is scheduled for 11:00 A.M. on September 17, 2004 in Courtroom 11D, 500 Pearl Street, New York, New York. The court has scheduled one and one-half (1 ½ ) hours for this oral argument.

24. The parties will further confer and propose to the Court a mutually agreeable schedule for discovery and briefing on issues related to class certification subsequent to the disposition of Defendants' Motions To Dismiss.

SO ORDERED: 3/5/04

WILLIAM H. PAULEY III U.S.D.J.

## SERVICE LIST
## IN RE POLAROID ERISA LITIGATION

**PLAINTIFFS:**

Joseph H. Meltzer, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

**Proposed Lead Counsel For Plaintiffs and the Class**

Lynn Lincoln Sarko, Esq.
Derek W. Loeser, Esq.
Cari Campen Laufenberg, Esq.
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

**Proposed Co-Lead Counsel For Plaintiffs and the Class**

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, New York 11501

**Assisting Counsel For Plaintiffs and the Class**

**DEFENDANTS:**

Emily Frug Klineman, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

**Attorney for Defendant Gary DiCamillo**

Karen McCarthy, Esq.
McCarthy & Gordon, LLC
701 Washington Street, Suite 100
Newton, Massachusetts 02458

**Attorney for Defendant Carl Lueders**

Eric Mogilnicki
David P. Donovan
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

**Attorneys for Defendant Donald Halsted**

Martha Dye, Esq.
O'Melveny & Myers, LLP
1625 I Street, N.W.
Washington, DC 20006

**Attorney for Defendant William L. Flaherty**

John G. Fabiano, Esq.
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Attorney for Defendants John W. Loose, Albin F. Moshner,**
**Ralph Z. Sorenson, Bernee D. L. Strom, and Alfred M. Zein**

Gus P. Coldebella
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1780
Fax: (617) 532-1231

**Attorney for Defendant Judith Boynton**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110-1844

**Attorney for Defendant Merganser Capital Management Corporation**

Christa D. Haas, Esq.
Edward A. Scallet, Esq
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5881

**Attorney for Defendants Mellon Bank, N.A. and**
**Boston Safe Deposit and Trust Company**

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. ERISA LITIGATION   :        MASTER FILE
                                        :     02 Civ. 4816 (DLC)
This Document Relates to: All Actions   :
                                        :         ORDER
                                        :
----------------------------------------X

DENISE COTE, District Judge:

As set forth at a conference on November 18, 2002, it is
hereby

ORDERED as follows:

1.    Stephen Vivien, Gail M. Grenier, and John T. Alexander
are appointed Lead Plaintiffs.

2.    Keller Rohrback, L.L.P. shall serve as Lead Counsel for
all plaintiffs in the above-captioned actions.  Jeffrey Lewis of
Lewis & Feinberg, P.C. and Elizabeth J. Cabraser of Lieff
Cabraser Heimann & Bernstein, L.L.P. shall serve as members of
the plaintiffs' Steering Committee.  Stull, Stull & Brody shall
serve as local counsel.

3.    Lead Counsel shall have the following responsibilities:

a.    Sign any consolidated complaint, motions, briefs,
discovery requests, objections, stipulations, or notices on
behalf of plaintiffs for any matters arising during pretrial
proceedings;

b.    Chair and participate in meetings of the Steering
Committee;

1

c.   Conduct all pretrial proceedings on behalf of plaintiffs;

d.   Brief and argue motions;

e.   Initiate and conduct discovery;

f.   Speak on behalf of plaintiffs at any pretrial conference;

g.   Employ and consult with experts;

h.   Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

i.   Call meetings of plaintiffs' counsel;

j.   Accept service on behalf of all plaintiffs; and

k.   Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours.

4.   Members of the Steering Committee shall be available for conferences with Lead Counsel to consult and advise on strategy and, at the option of lead counsel, to participate in settlement negotiations.

5.   Plaintiffs shall file a consolidated amended complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before December 20, 2002.

2

6.   Defendants shall answer or move on or before January 17, 2003.  If a motion is filed, plaintiffs shall submit their opposition on or before February 7, 2003.  Defendants shall reply on or before February 14, 2003.  At the time the reply is served, defendants shall supply two courtesy copies of all motion papers to Chambers by delivering them to the Courthouse Mailroom, 8th Floor, United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:    New York, New York
          November 18, 2002

_____
DENISE COTE
United States District Judge

3

EXHIBIT C

# FIRM PROFILE



**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Attorneys at Law

280 King of Prussia Road * Radnor, PA 19087 * Telephone: (610) 667.7706 * Fax: (610) 667.7056

Schiffrin Barroway Topaz & Kessler, LLP, specializes in representing shareholders and consumers in complex class action litigation in state and federal courts throughout the United States. Since our inception, SBTK has recovered billions of dollars on behalf of defrauded shareholders and aggrieved consumers. The firm is led by its senior partners, Richard S. Schiffrin, Andrew L. Barroway, Marc A. Topaz, and David Kessler, with assistance from partners Stuart L. Berman, Katharine M. Ryan, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, Darren J. Check, Andrew L. Zivitz, Sean M. Handler, John A. Kehoe, Lee D. Rudy, Kay E. Sickles, Eric L. Zagar, Edward W. Ciolko and numerous experienced associates and staff.

Since its inception in 1987, SBTK has specialized exclusively in the prosecution of class actions, with unique expertise and skill litigating securities class actions. Now in its 21st year, SBTK has grown into one of the largest and most successful firms in the field. Recognized by courts and its clients for achieving exemplary results, SBTK, with its main office located in suburban Philadelphia, Pennsylvania, is comprised of over 60 attorneys, a superior support staff and an in-house investigative team. With SBTK's extensive experience prosecuting securities fraud actions, derivative actions and transactional litigation against public companies and their officers and directors, SBTK has emerged as the leading firm in the campaign to eradicate the egregious practice of options backdating. Recognizing SBTK's experience and commitment to corporate governance reform, courts across the country have appointed SBTK as lead or co-lead counsel in more than 50 options backdating actions. SBTK's depth and breadth of its practice places it in a unique position to track, advise, prosecute and resolve complex securities actions.

In the course of representing various institutional investors from the United States, Canada, Europe, and around the world, including pension funds, mutual fund managers, investment advisors, insurance companies, and hedge funds, SBTK has recovered billions of dollars on behalf of its clients and the classes it represents. SBTK, with the guidance and assistance of its clients serving as lead plaintiff, is especially proud of its ability to create and structure resolutions with financially troubled companies and, when appropriate, to institute corporate governance reforms when serving as lead counsel in shareholder actions.

In addition, SBTK has recently opened an office in suburban San Francisco, California, and has added three California-based attorneys as "of counsel" to the firm, each of whom has significant class action and complex litigation experience. Demonstrating its commitment to the west coast expansion, several SBTK partners and associates have recently taken the California Bar and are awaiting their results.

## Noteworthy Achievements

During the firm's successful history, SBTK has recovered billions of dollars for defrauded stockholders and consumers. The following are among the firm's notable achievements:

### *In re Tyco International, Ltd. Securities Litigation,*
### *No. 02-1335-B (D.N.H. 2002):*
SBTK, which served as co-lead counsel in this highly publicized securities fraud class action on behalf of a group of institutional investors, achieved a record $3 billion settlement with Tyco. The largest securities class action settlement by a corporate defendant in history. The action asserted federal securities claims on behalf of all purchasers of Tyco securities between December 13, 1999 and June 7, 2002 against Tyco, certain former officers and directors of Tyco and the Company's auditor PricewaterhouseCoopers. Tyco is alleged to have overstated its income during the Class Period by $5.8 billion. Defendants Kozlowski and Swartz have been sentenced to up to 25 years in prison after being convicted of grand larceny, falsification of business records and conspiracy for their roles in the alleged scheme to defraud investors. Defendant Walsh has also pled guilty to committing fraud.

In October 2004, the Court denied in large part the defendants' motions to dismiss and the parties began the discovery phase of the case. On June 12, 2006, Judge Barbadoro granted the Plaintiffs' motion for class certification for violations of sections 10(b), 20(a) and 20A of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a) and 78t-1, and sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. The Court held that the claims asserted satisfy Federal Rule of Civil Procedure 23(a)'s requirements for numerosity, commonality, typicality and adequacy, as well as Rule 23(b)'s requirements that common issues predominate over individual issues and that a class action is superior to other available methods for the fair resolution of the dispute.

The settlement, which represents the single largest payment from any corporate defendant in the history of securities class action litigation, requires Tyco pay $2.975 billion in cash to settle securities and accounting fraud claims relating to the Kozlowski era, but specifically excludes auditor PriceWaterhouseCoopers ("PwC") and, by the time the settlement will be presented to the Court for final distribution, it will exceed $3 billion in value, inclusive of interest.

As part of the settlement, Tyco has agreed to assign the claims it has against PwC related to the accounting fraud to the Class, which intends to vigorously pursue both its own claims and the assigned claims. As Tyco's auditor, PwC was in a unique position to uncover the fraud and to prevent the damages to Tyco's shareholders. Instead, PwC is alleged to have failed in its duties as a corporate watchdog. In addition, as Tyco already has its own claims being pursued against certain of the individual defendants, the Class has assigned its claims against Dennis Kozlowski, Frank Walsh and Mark Swartz to Tyco in exchange for receiving a 50% interest in any net recoveries achieved against these non-settling defendants.

### *In re Tenet Healthcare Corp. Securities Litigation,*

*No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002):*
SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a partial settlement has been reached in the amount of $216.5 million in cash which will be submitted for preliminary approval by the Court in the coming weeks. The Partial Settlement is being funded primarily by Tenet and its insurance carriers ($215 million), with personal contributions in the aggregate amount of $1.5 million being made by two of Tenet's former officers, Jeffrey Barbakow and Thomas Mackey. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case will continue against KPMG as the Court denied KPMG's motion to dismiss the action in its entirety in December, 2005.

*In re AremisSoft Corp. Securities Litigation,*
*C.A. No. 01-CV-2486 (D.N.J. 2002):*
SBTK is particularly proud of the results recently achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, who are now fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was recently approved, calls for the class to receive the majority of the equity in the new Company, as well as their pro rata share of any amounts recovered by the litigation trust. The Court-appointed cotrustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, have retained SBTK to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man, and have successfully frozen more than $200 million of stolen funds from one of the fugitives, and are in the process of attempting to recover the money on behalf of the trust. In addition, we are continuing to litigate the trust's claims against the remaining fugitive.

*In re The Interpublic Group of Companies Securities Litigation,*
*No. 02 Civ. 6527 (S.D.N.Y. 2002):*
SBTK served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock with expected distribution by early summer 2005. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised SBTK for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation,*
*Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*
The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. SBTK took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward

appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. We believe that this represents the largest percentage recovery for shareholders in securities class action history.

***In re Initial Public Offering Securities Litigation,***
***Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):***
SBTK holds a prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, SBTK was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the Court has preliminarily approved a $1 billion settlement with the insurers and their officers and directors. The case is proceeding against the underwriting defendants.

***In re Global Crossing, Ltd. ERISA Litigation,***
***No. 02 Civ. 7453 (S.D.N.Y. 2004):***
SBTK served as Co-Lead Counsel in this complex and high-profile action which alleged that certain directors and officers of Global Crossing, a former high-flier of the late 1990's tech stock boom, breached their fiduciary duties under the Employee retirement Income Security Act of 1974 to certain company-provided 401(k) plans and their participants. These breaches surrounded the plans' alleged imprudent investment in Global Crossing stock during a time when defendants knew, or should have known, that the company was facing imminent bankruptcy. A settlement of plaintiffs' claims restoring $79 million to the Plans and their participants was approved in November 2004. At the time, this represented the largest recovery received in a company stock ERISA class action.

***In re Honeywell International ERISA Litigation,***
***No. 03-1214 (DRD) (D.N.J. 2004):***
SBTK is serving as Lead Counsel in a breach of fiduciary duty case under ERISA against Honeywell International, Inc. and certain fiduciaries of Honeywell pension plans. The suit alleges that Honeywell and the individual fiduciary defendants, allowed Honeywell's 401(k) plans and their participants to imprudently invest significant assets in company stock, despite that defendants knew, or should have known, that Honeywell's stock was an imprudent investment due to undisclosed, wide-ranging problems stemming from a consummated merger with Allied Signal and a failed merger with General Electric. A settlement f plaintiffs' claims, which includes a $14 million payment to the plans and their affected participants, and significant structural relief affording participants much greater leeway in diversifying their retirement savings portfolios, is currently pending court approval.

***In re Remeron Antitrust Litigation,***
***No. 02-CV-2007 (D.N.J. 2004):***
SBTK is Co-Lead Counsel in an action challenging Organon, Inc.'s filing of certain patents and patent infringement lawsuits as an abuse of the Hatch-Waxman Act, and an effort to unlawfully extend their monopoly in the market for Remeron. Specifically, the lawsuit alleges that defendants violated state and federal antitrust laws in their efforts to keep competing products from entering the market, and seeks damages sustained by consumers and third-party payors.

After lengthy litigation, including numerous motions and over 50 depositions, the matter settled for $36 million. The settlement is pending final approval by the court.

*Henry v. Sears, et al.,*
*Case No. 98 C 4110 (N.D. Ill. 1999):*
The firm served as Co-Lead Counsel for one of the largest consumer class actions in history, consisting of approximately 11 million Sears credit card holders whose interest rates were improperly increased in connection with the transfer of the credit card accounts to a national bank. SBTK successfully negotiated a settlement representing approximately 66% of all class members' damages, thereby providing a total benefit exceeding $156 million. All $156 million was distributed automatically to the Class members, without the filing of a single proof of claim form. In approving the settlement, the District Court stated: ". . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance."

*Jordan v. State Farm Insurance Company,*
*Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):*
Plaintiffs alleged that State Farm had engaged in fraudulent sales practices known as "churning," and marketing and selling "vanishing premium" policies that do not actually "vanish." After several years of discovery, motion practice and settlement negotiations, SBTK, as Liaison Counsel, successfully resolved the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders.

*In re Liberate Technologies Securities Litigation,*
*No. C-02-5017 (MJJ) (N.D. Cal. 2005):*
Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earnings. As sole Lead Counsel, SBTK successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

*In re InfoSpace, Inc. Securities Litigation,*
*Master File No. C-01-0913-Z (D. Wash. 2001):*
SBTK served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation,*
*Case No. CV-02-3581 (N.D. Cal. 2002):*
SBTK served as sole lead counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into

formal mediation with the Honorable Charles Legge (Ret.). Following five months of mediation, the parties reached a settlement of $18.5 million which has been preliminarily approved by the Court.

*In re Assisted Living Concepts, Inc. Securities Litigation,*
*Lead Case No. 99-167-AA (D. Or. 1999):*
SBTK served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*Wanstrath v. Doctor R. Crants, et al.,*
*No. 99-1719-111 (Tenn. Chan. Ct., 20th Judicial District, 1999):*
SBTK served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved, and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

*In re Cumulus Media Inc. Securities Litigation,*
*Lead Case No. 00-C-391 E.D. Wis. 2000):*
SBTK served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

# PARTNERS

**RICHARD S. SCHIFFRIN**, founding partner of the firm, is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars, including the Annual Institute on Securities Regulation, NERA: Finance, Law & Economics — Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC): Ethical Issues in the Practice of Securities Law.

Most recently, Mr. Schiffrin spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the Public Funds Symposium 2005 in Washington, D.C.; the European Pension Symposium in Florence, Italy; and the *Pennsylvania Public Employees Retirement Summit (PAPERS)* in Harrisburg, Pennsylvania. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases, including most prominently:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re AremisSoft Corp. Securities Litigation, C.A. No. 01-CV-2486 (D.N.J. 2002):*

Schiffrin Barroway Topaz & Kessler is particularly proud of the results achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom remain fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing the Company as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, approved by the court, enabled the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to further assist with prosecuting the actions on behalf of the litigation trust.

After filing an action in the Isle of Man, where the trust successfully froze more than $200 million of stolen funds from one of the fugitives, the trust achieved a settlement of this action for $200 million, which was returned to the United States and paid to the trust. Recently, the trust commenced another action in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

Thus far, counsel on behalf of the trust and its beneficiaries have achieved settlements with the Company and certain of its directors and officers as well as the Company's auditors, lawyer and underwriters, for a total of more than $250 million. The beneficiaries of the trust have already received in excess of 28% of their recognized losses.

### *Henry v. Sears, et al., Case No. 98 C 4110 (N.D. Ill. 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of the largest class of credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card accounts with outstanding balances resulting from purchases made prior to the accounts being

transferred to SNB. Schiffrin Barroway Topaz & Kessler alleged that such conduct violated the Truth-in-Lending Act, the National Banking Act and state consumer fraud statutes. After extensively litigating various aspects of liability, an additional nine months were then spent determining damages. The extraordinary complexity of the damage calculations required Mr. Schiffrin and experts from both parties to develop, test and utilize a novel computer model to ascertain total damages for the class and individualized damages for each class member. Ultimately, Mr. Schiffrin and his partner, Mr. Kessler, were able to negotiate a $156 million settlement, which represented approximately 66% of total damages. In approving the settlement, District Court Judge Leinenwebber of the Northern District of Illinois stated:

> . . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance.

The entire settlement fund of $156 million was distributed without the filing of a single proof of claim form by any class member.

### Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

### Jordan v. State Farm Insurance Company, Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):

Schiffrin Barroway Topaz & Kessler brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin Barroway Topaz & Kessler also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin has also represented defrauded shareholders and companies in complex class and derivative actions, including the following:

### Huscher v. Curley, et al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation):

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options, and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

**ANDREW L. BARROWAY**, managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues, and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. Schiffrin Barroway Topaz & Kessler took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. Schiffrin Barroway Topaz & Kessler believes that this represents the largest percentage recovery for shareholders in securities class action history.

Mr. Barroway, along with his partner, Mr. Kessler, has also negotiated substantial settlements of securities class actions in which Schiffrin Barroway Topaz & Kessler was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public pension funds, private investment funds, money management firms, and individuals in securities fraud litigation as Lead or Co-Lead Counsel.

**MARC A. TOPAZ,** a senior partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law, where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Topaz manages the firm's derivative, transactional and antitrust departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

***In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):***

Schiffrin Barroway Topaz & Kessler served as Co-Counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law, and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

***In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC (Del. Ch. 1997):***

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by disproportionately allocating tax benefits achieved from the restructuring of a limited partnership, and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

***Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III
(Tenn. Chan. Ct., 20th Judicial District, 1999):***

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

**DAVID KESSLER,** a senior partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Prior to practicing law, Mr. Kessler was a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department. In addition, Mr. Kessler often lectures on securities litigation and was a featured speaker on hot topics in securities litigation in a seminar entitled "The Explosion and Evolution of Class Action Law" in December 2004 in

Philadelphia, Pennsylvania, and the Corporate Governance Summit on Corporate Accountability in July 2003 in New York City. Mr. Kessler has achieved the following outstanding results in federal securities cases:

***In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):***

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin Barroway Topaz & Kessler was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the court has preliminarily approved a $1 billion settlement with the issuers and their officers and directors. The class has also reached an agreement in principle to resolve the action against JP Morgan for $425 million, which is in the process of being memorialized and submitted to the Court for approval. The case is proceeding against the remaining underwriting defendants.

***In re PNC Financial Services Group, Inc. Litigation, Case No. 02-CV-271 (W.D. Pa. 2002):***

Schiffrin Barroway Topaz & Kessler served as Co-Lease Counsel and was instrumental in opbtaining a $30 million recovery for class members from PNC and the assignment of certain claims it may have had against its audit and other third party law firms and insurance companies, with respect to an alleged fraudulent scheme wherein non-performing assets were removed from PNC's books and transferred to special purpose entities that PNC allegedly still controlled. An additional $6.6 million was recovered from the insurance company and the law firms and an agreement in the principle has now been reached with the audit to resolve all claims for another $9.075 million, providing for a total recovery from the securities litigation of $45.675 million upon approval of the auditor settlement. When coupled with the $156 million restitution fund established through government actions against some of the same defendants and third parties, the total recovery for class members exceeds $200 million.

***In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D. Or. 1999):***

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's startup losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

***In re Cumulus Media Inc. Securities Litigation, Lead Case  No. 00-C-391 (E.D. Wis. 2000):***

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable

stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

**KATHARINE M. RYAN,** a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firm's most prominent cases and was integral in the excellent results achieved in the following cases:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re New Power Holdings, Inc. Securities Litigation, No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Company's offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices.

**STUART L. BERMAN**, a partner of the firm, received his law degree from George Washington University National Law Center, and his undergraduate degree from Brandeis University. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman manages the firm's lead plaintiff department and has been instrumental in courts appointing many of the firm's institutional and individual clients as lead plaintiffs in important cases, such as:

*In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462- RSWL (C.D. Cal. 2002),*

*State of New Jersey and its Division of Investment v. Sprint Corporation, et al., No. 2:03-CV-02071-JWL (D. Kan. 2003),*

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003),*

*In re Delphi Corp. Sec. Litig., 1:05-CV-2637 (NRB) (S.D.N.Y. 2005);*

*In re Vaxgen Inc. Securities Litigation, No. C 03-01129 JSW (N.D. Cal. 2003),*

*In re American Business Financial Services, Inc., No. 04- 0265 (E.D. Pa. 2004)*

*In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx) (C.D. Cal. 2004).*

Mr. Berman represents and works with institutional investors worldwide in securities litigation and other related matters. In addition, Mr. Berman is a frequent speaker on securities issues, especially as they relate to institutional investors, and has been a speaker at such events as The European Pension Symposium in Florence, Italy; the Public Funds Symposium 2005 in Washington, D.C.; the Pennsylvania Public Employees Retirement (PAPERS) Summit in Harrisburg, Pennsylvania; and the New England Pension Summit in Newport, Rhode Island; the Rights and Responsibilities for Institutional Investors 2006 in Amsterdam, Netherlands; and the European Investment Roundtable 2006 in Barcelona, Spain. He speaks with institutional investors located around the world regarding their rights and obligations associated with securities fraud class actions and individual actions. Mr. Berman works closely with the firm's institutional investors and counsels them on fulfilling their fiduciary obligations and exercising their rights in all types of securities related actions.

Mr. Berman has specialized in the area of securities litigation for the past nine years. He is particularly proud of the results achieved in In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002), a case on which Mr. Berman and his partner, Richard Schiffrin, have worked extensively. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom are now fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing AremisSoft as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was approved by the Court, called for the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The Court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to continue prosecuting the actions on behalf of the litigation trust. After extensive litigation in the Isle of Man, including the successful freezing of more than $200 million of stolen funds, the trust recently settled its action against one of the principal wrongdoers and recovered approximately $200 million. Thus far, the trust has distributed to beneficiaries of the trust more than 28% of their recognized losses (excluding the value of the equity of the new Company), and is poised to recover even more. Recently, the trust commenced further litigation in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

**GREGORY M. CASTALDO**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

*In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Liberate Technologies Securities Litigation, No. C-02-5017 (MJJ) (N.D. Cal. 2005):*

Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earning. As sole Lead Counsel, Schiffrin Barroway Topaz & Kessler successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

### *In re Sodexho Marriott Shareholders Litigation,*

Consol. C.A. No. 18640-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

Mr. Castaldo is also presently *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.,* No. 03-2071-JWL (D. Kan. 2003) among other actions.

**MICHAEL K. YARNOFF**, a partner of the firm, received his law degree from Widener University School of Law. Mr. Yarnoff is licensed to practice law in Pennsylvania, New Jersey, and Delaware and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. He serves in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

### *In re CVS Corporation Securities Litigation, C.A. No. 01-11464 JLT (D.Mass.):*

After more than three years of contentious litigation and a series of protracted mediation sessions, Schiffrin Barroway Topaz & Kessler, LLP, serving as co-lead counsel, secured a $110 million recovery for class members in the CVS Securities Litigation. Specifically, the suit alleged that CVS violated accounting practices by delaying discounts on merchandise in an effort to prop up its earnings. In addition, the suit charged that in 2001, the Company and its Chief Executive Officer, Thomas M. Ryan, improperly delayed announcement of its intention to close approximately 200 underperforming stores, and that an industry-wide pharmacist shortage would have a materially negative impact on the Company's performance. Settlement was reached just days prior to the commencement of trial, and shortly after the district court had denied the defendants' motions for summary judgment. This substantial recovery, which represents the third-largest settlement in a securities class action case in the First Circuit, received final approval from District Judge Joseph Tauro on September 27, 2004.

### *In re InfoSpace, Inc. Securities Litigation, Master File No. C-01-0913-Z (D. Wash. 2001):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper

accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

### *In re Riverstone Networks, Inc. Securities Litigation, Case No. CV-02-3581 (N.D. Cal. 2002):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five-months of mediation, the parties reached a settlement of $18.5 million.

**JOSEPH MELTZER**, a partner of the firm, concentrates his practice in the areas of ERISA and antitrust complex litigation. He is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice before numerous United States District Courts and United States Courts of Appeals, including the United States Court of Appeals for the Third Circuit.

Mr. Meltzer manages the firm's ERISA Litigation Department, which has excelled in the highly specialized area of prosecuting claims on behalf of retirement savings plans. Mr. Meltzer is lead counsel in several pending nationwide class actions brought under ERISA, including *Lewis v. El Paso Corp.* (S.D. Tex.); *In re Sears, Roebuck & Co. ERISA Litigation* (N.D. Ill.); *In re Loral Space ERISA Litigation* (S.D.N.Y.) and *In re Schering-Plough Corp. ERISA Litig.*, where the firm obtained an important ruling from the Third Circuit reversing the District Court's dismissal and confirming the rights of pension plan participants to pursue these claims. *See* 420 F.3d 231, *amended by* No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir., Sept. 15, 2005). He is a frequent lecturer on ERISA litigation and employee benefits issues, is a member of the ABA's Section Committee on Employee Benefits and has been recognized by numerous courts for his ability and expertise in this complex area of the law. Since helping to establish the ERISA Litigation Department, Mr. Meltzer has recovered well over $250 million for retirement plan participants, including in the following prominent cases:

### *In re AOL Time Warner ERISA Litig.*, C.A. No. 02-8853 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the most successful ERISA class actions. Following extensive litigation, including motions for summary judgment, Mr. Meltzer helped negotiate a settlement of $100 million for a class of retirement plan participants. To date, this is the second largest settlement for a case of this type and the largest in a case involving a non-bankrupt company.

### *In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the earliest ERISA class actions involving employer securities and seeking relief under ERISA sec. 502(a)(2). After extensive litigation and complex negotiations, the firm helped secure a recovery of over $78 million for retirees whose nest eggs were badly impacted by the collapse of Global Crossing.

Mr. Meltzer also manages the firm's Antitrust Department and serves as lead counsel in numerous nationwide antitrust actions where he represents such clients as the Pennsylvania Turnpike Commission, the Southeastern Pennsylvania Transportation Authority (SEPTA) and

the Sidney Hillman Health Center of Rochester. As lead counsel, he has helped obtain several multi-million dollar settlements, including settlements in *In re Remeron Antitrust Litigation*, 02-CV-2007 (D.N.J.) ($36 million settlement) and *In re Augmentin Antitrust Litigation*, 02-442 (E.D. Va.) ($29 million settlement). Mr. Meltzer also lectures on issues related to antitrust litigation and is a member of the ABA's Section Committee on Antitrust Law.

In addition to the ERISA Litigation and Antitrust Departments, Mr. Meltzer manages the firm's Consumer Fraud Department. An honors graduate of the University of Maryland, he received his law degree with honors from Temple University School of Law. Prior to joining Schiffrin & Barroway, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several complex class actions to successful conclusions and also defended clients in antitrust and commercial litigation.

**DARREN J. CHECK**, a partner of the firm, concentrates his practice in the area of securities litigation and institutional investor relations. He is a graduate of Franklin & Marshall College where he received a degree in History, *with honors*. Mr. Check received his law degree from Temple University School of Law and is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado. Mr. Check began his career at Schiffrin Barroway Topaz & Kessler by working extensively with partner David Kessler on In re Initial Public Offering Securities Litigation, No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), widely considered the largest securities class action in history.

Currently, Mr. Check concentrates his time as the firm's Director of Institutional Relations. He consults with institutional investors from around the world regarding their rights and responsibilities with respect to their investments and taking an active role in shareholder litigation. Mr. Check assists clients in evaluating what systems they have in place to identify and monitor shareholder litigation that has an affect on their investments, and also assists them in evaluating the strength of such cases and to what extent they may be affected by the conduct that has been alleged. He currently works with clients in the U.S., Canada, United Kingdom, France, Italy, Sweden, Denmark, Finland, Norway, Germany, Austria, and the Netherlands. Mr. Check regularly speaks on the subjects of shareholder litigation, corporate governance, investor activism, and how Schiffrin Barroway Topaz & Kessler's services can be of use to investors. Recently, Mr. Check spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the 2005 European Pension Symposium in Florence, Italy; the Public Funds Summit 2005 in Phoenix, Arizona; the European Investment Roundtable in Barcelona, Spain; The Rights & Responsibilities Of Institutional Investors: European and U.S. Approaches To Active Ownership in Amsterdam, Netherlands; the Corporate Governance & Responsible Investment Summit, Stockholm, Sweden; Pension Fund Investment World – Germany in Frankfurt, Germany; and the 2007 European Pension Symposium in Lisbon, Portugal.

**ANDREW L. ZIVITZ**, a partner of the firm, received his law degree from Duke University School of Law, and received a Bachelor of Arts degree, with distinction, from the University of Michigan, Ann Arbor. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle & Reath, LLP, where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey, and has been admitted to

practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Zivitz concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in several of the largest class action securities cases currently pending nationwide. In addition, Mr. Zivitz has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D.Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Computer Associates, No. 02-CV-1226 (E.D.N.Y.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Computer Associates and certain of its officers misrepresented the health of the company's business, materially overstated the company's revenues, and engaged in illegal insider selling. After nearly two years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $150 million from the company.

### *In re McLeod USA Inc., No. C02-0001-MWB (N.D. Iowa):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that McLeod USA and certain of its officers misrepresented the health and prospects of the company's business. After more than three years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $30 million from the defendants.

### *In re Ligand Pharmaceuticals, Inc., 04-CV-1620-DMS (S.D. Cal):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $8.0 million for class members against Ligand Pharmaceuticals and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the financial condition of the company and their ability to predict and monitor inventory returns when, in fact, the Company's revenues and earnings were artificially inflated and defendants had no ability to meaningfully predict or gauge inventory returns.

### *In re Aon Corp., No. 02-CV-5631 (N.D. Ill.):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $7.25 million for class members against Aon Corp. and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the prospects and successes of the company's multi-million dollar "Business Transformation Plan," when in fact they knew that the plan was damaging the company's business.

**SEAN M. HANDLER**, a partner of the firm, received his Bachelor of Arts degree from Colby College, graduating *with distinction* in American Studies. Mr. Handler then earned his Juris Doctor, *cum laude*, from Temple University School of Law.

After law school, Mr. Handler practiced labor law at Reed Smith, LLP in Philadelphia. Since joining Schiffrin Barroway Topaz & Kessler, Mr. Handler has concentrated his practice in the area of securities litigation, with a particular emphasis on client development, litigation strategy and lead plaintiff litigation. In this role, Mr. Handler has been responsible for numerous reported decisions.

In addition to these responsibilities, Mr. Handler also spends considerable time litigating ongoing securities litigation matters on behalf of institutional clients, including:

*In re Delphi Corporation Securities Litigation, No. 06-10026 (GER) (E.D. MI.)*

*Smajlaj v. Brocade Communications Systems, Inc., et al., No. 05-cv-02042 (CRB) (N.D. Cal.)*

*State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003).*

**JOHN A. KEHOE**, a partner of the firm, received his B.A. from DePaul University, and an M.P.A., *with high honors*, from the University of Vermont. He earned his J.D., *magna cum laude*, from Syracuse University College of Law, where he was an Associate Editor of the Syracuse Law Review, Associate Member of the Moot Court Board, and Alternate Member of the National Appellate Team.

During his legal career, Mr. Kehoe has litigated high profile securities and antitrust actions in federal and state courts, including *Ohio Public Employees Retirement System et al. v. Freddie Mac et al.*, 03-CV-4261 (S.D.N.Y) (resulting in a $410 million combined class and derivative settlement); *In re Bristol-Myers Squibb Sec. Litig.*, 02-CV-2251 (S.D.N.Y) (resulting in a $300 million class settlement); *In re Adelphia Communications Corp. Sec. & Der. Litig.*, No. 03 MD 1529 (S.D.N.Y) ( resulting in a $460 million class settlement); and *In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C) (resulting in more than $2 billion in federal and state class and direct action settlements).

Mr. Kehoe is currently among the lead trial attorneys representing individual and institutional investors in 309 separate class actions that have been consolidated for pretrial purposes in *In re Initial Public Offering Sec. Litig.,* No. 21 MC 92 (S.D.N.Y.) ( resulting in over $1 billion in class settlements with additional claims pending against various underwriter defendants). He is also serving as lead or co-lead counsel in *Reynolds v. Repsol YPF S.A.*, 06-CV-00733 (S.D.N.Y.); *Mizzaro v. Home Depot Inc.,* 06-CV-1151 (N.D. Ga.); and *In re AremisSoft Corp. Sec. Litig.*, 01-CV-2486 (D.N.J).

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kehoe spent six years as an associate at Clifford Chance LLP, where he represented Fortune 500 corporations and their officers and directors in complex commercial litigation and in actions brought by the Department of Justice, the Securities and Exchange Commission and the Federal Trade Commission.

Mr. Kehoe is a member of the Association of the Bar of the City of New York and the New York Bar Association and is admitted to practice before the courts of New York State (1999) and the U.S. District Court for the Southern District of New York (2000).

**LEE D. RUDY**, a partner of the firm, received his law degree from Fordham University in 1996. In law school he was a senior editor of the Fordham Urban Law Journal and published *A Procedural Approach to Limited Public Forum Cases*, 22 Ford. Urb. L.J. 1255 (1995). He received his undergraduate degree, *cum laude*, from the University of Pennsylvania in 1992. Mr. Rudy is licensed to practice law in Pennsylvania and New York. From 1996 to 2002, Mr. Rudy was an Assistant District Attorney in the Manhattan District Attorney's Office, where he prosecuted dozens of felony jury trials to verdict. From 2003 to 2005, Mr. Rudy was an Assistant United States Attorney in the District of New Jersey, where he investigated and prosecuted numerous fraud and violent crime cases, and where he tried several major fraud cases to verdict in federal court. Mr. Rudy co-manages the firm's mergers and acquisition and shareholder derivative litigation department along with Marc Topaz and Eric Zagar.

**KAY E. SICKLES**, a partner of the firm, received her law degree from the University of Pennsylvania School of Law. She received her undergraduate degree from Colgate University, graduating, *with honors,* from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions arising out of violations of the ERISA and antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the Ninth and Seventh Circuit Courts of Appeal, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the District of New Jersey.

Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters. She has played a lead role in effectuating some of the most significant settlements of securities class action in recent years, including the partial settlement with Tenet Healthcare Corp. and certain officer of that corporation for $216.5 million in *In re Tenet Healthcare Corp. Sec. Litig.,* No. CV-02-8462-RSWL (Rzx) (C.D. Ca. 2006); the settlement for cash and common stock worth over $90 million in *In re Interpublic Sec. Litig.,* Civ. 6527 (DLC) (S.D.N.Y. 2004); and the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation,* Master File No. 98 Civ. 4839 (TCP) and *In re Computer Associated 2002 Cass Action Securities Litigation*, Master File No., 02-CV-1226 (TCP) (E.D.N.Y.).

**ERIC L. ZAGAR**, a partner of the firm, received his law degree from the University of Michigan Law School, *cum laude*, where he was an Associate Editor of the Michigan Law Review. He has practiced law in Pennsylvania since 1995, and previously served as a law clerk to Justice Sandra Schultz Newman of the Pennsylvania Supreme Court. He is admitted to practice in Pennsylvania.

Mr. Zagar concentrates his practice in the area of shareholder derivative litigation. Mr. Zagar has served as Lead or Co-Lead counsel in numerous derivative actions in courts throughout the nation, including *David v. Wolfen,* Case No. 01- CC-03930 (Orange County, CA) (Broadcom Corp. Derivative Action); *In re PolyMedica Corporation Shareholder Derivative Litigation,* Case No. 01-3446 (Middlesex County, MA); *In Re Dynacq Int'l. Shareholder Derivative Litigation,* Case No. 2002- 07135 (Harris County, TX); and *Castillo v. Cavallaro, et al.,* Case

No. A467663 (Clark County, NV) (Station Casinos, Inc. Class and Derivative Action). Mr. Zagar has successfully achieved significant monetary and corporate governance relief for the benefit of shareholders, and has extensive experience litigating matters involving Special Litigation Committees.

**EDWARD W. CIOLKO**, a partner of the firm, received his law degree from Georgetown University Law Center, and an MBA from the Yale School of Management. He is licensed to practice law in the State of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey. Mr. Ciolko concentrates his practice in the areas of ERISA, Antitrust, RESPA and Consumer Protection.

Mr. Ciolko is counsel in several pending nationwide ERISA breach of fiduciary duty class actions, brought on behalf of retirement plans and their participants alleging, inter alia, imprudent investment of plan assets which caused significant losses to the retirement savings of tens of thousands of workers. These cases include: In re *Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga.); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich.); *Gee v. UnumProvident Corp.*, 03-1552 (E.D. Tenn.); *Pettit v. JDS Uniphase Corp.* et al, C.A. No. 03-4743 (N.D. Ca.); *Hargrave v. TXU, et al.,* C.A. No. 02-2573 (N.D. Tex.); *Evans v. Akers*, C.A. No. 04-11380 (D. Mass); *Lewis v. El Paso Corp.* (S.D. Tex.); and In re S*chering-Plough Corp. ERISA Litig.*, where the firm obtained an important ruling from the Third Circuit reversing the District Court's dismissal and confirming the rights of pension plan participants to pursue these claims. See 420 F.3d 231, amended by No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir., Sept. 15, 2005). Mr. Ciolko's efforts have helped achieve a number of large recoveries for affected retirement plan participants. See, e.g., In re *Sears, Roebuck & Co. ERISA Litig.*, C.A. No. 02-8324 (N.D. Ill.)(SBTK helped obtain a $14.5 million recovery); In re *Honeywell Intern'l ERISA Litig.*, No. 03-CV-1214 (DRD) (D.N.J. 2004) (SBTK obtained a $14 million recovery as well as significant structural relief regarding the plan's administration and investment of its assets).

Mr. Ciolko has also concentrated part of his practice to the investigation and prosecution of pharmaceutical antitrust actions, medical device litigation, and related anticompetitive and unfair business practices. Specific examples include: *In re Wellbutrin SR Antitrust Litigation; In re Remeron End-Payor Antitrust Litigation*; *In re Modafinil Antitrust Litigation*; (involving brand name drug manufacturers' attempts to block entry of lower-priced generic alternatives through sham patent litigation or "payoffs" to generic manufacturers); *In re Medtronic, Inc. Implantable Defibrillator Litigation*; and *In re Guidant Corp. Implantable Defibrillator Litigation* ("end-payor" action against manufacturers of defective medical devices – pacemakers/implantable defibrillators -- for costs of removal and replacement).

Before coming to SBTK, Mr. Ciolko worked for two and one-half years as a Law Clerk and Attorney Advisor to Commissioner Sheila F. Anthony of the Federal Trade Commission ("FTC"). While at the FTC, Mr. Ciolko reviewed commission actions/investigations and counseled the Commissioner on a wide range of antitrust and consumer protection topics including, in pertinent part: the confluence of antitrust and intellectual property law; research and production of "Generic Drug Entry Prior to Patent Expiration: An FTC Study," and the prosecution of an administrative complaint against, among others, Schering- Plough Corporation regarding allegedly unlawful settlements of patent litigation which delayed entry of a generic alternative to a profitable potassium supplement (K-Dur).

# ASSOCIATES AND OTHER PROFESSIONALS

**JULES D. ALBERT**, an associate of the firm, received his J.D. in 2005 from the University of Pennsylvania Law School, where he was a Senior Editor of the University of Pennsylvania Journal of Labor and Employment Law and recipient of the James Wilson Fellowship. Mr. Albert also received a Certificate of Study in Business and Public Policy from The Wharton School at the University of Pennsylvania. Mr. Albert graduated *magna cum laude* with a Bachelor of Arts in Political Science from Emory University. Mr. Albert is licensed to practice law in Pennsylvania, and concentrates his practice in the mergers and acquisitions and stockholder derivative actions department.

**KATIE L. ANDERSON**, an associate of the firm, received her law degree from Widener University School of Law. She received her undergraduate degree from the University of Pittsburgh. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Anderson served as a Deputy Attorney General for the Pennsylvania Office of Attorney General, Bureau of Consumer Protection, where she was responsible for enforcing a wide range of consumer oriented laws.

Ms. Anderson is licensed to practice law in Pennsylvania and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of mass tort litigation.

**IAN D. BERG**, an associate of the firm, received his J.D. and B.A. from Northwestern University. Mr. Berg concentrates his practice in the area of securities litigation and he plays a significant role in investigating and evaluating potential cases, including proprietary claims and direct actions on behalf of institutional clients. Prior to joining Schiffrin, Barroway, Topaz & Kessler, Mr. Berg primarily practiced in the areas of commercial litigation and land use on behalf of corporations and real estate investment trusts. He is licensed to practice law in Pennsylvania and Illinois.

**ROBERT W. BIELA**, an associate of the firm, received his law degree from the Penn State Dickinson School of Law, where he served on the editorial board of the Environmental Law and Policy Journal. Mr. Biela received his undergraduate degree from West Chester University. Prior to joining the firm, Mr. Biela was an associate at Mager White and Goldstein, LLP. Mr. Biela is licensed to practice law in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania. His practice focuses primarily in the area of securities litigation.

**KATHERINE B. BORNSTEIN**, an associate of the firm, received her law degree from Emory University School of Law. Ms. Bornstein received her undergraduate degree from the University of Maryland. She is licensed to practice law in Pennsylvania and Maryland. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Bornstein was an associate at Provost & Umphrey Law Firm, LLP, where she worked on a number of complex litigation issues. Ms. Bornstein concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of ERISA, antitrust and consumer protection.

**NICHOLE BROWNING**, an associate of the firm, received her B.A. degree from Emory University in 1994 and her J.D. degree from The American University, Washington College of Law in 1997. Ms. Browning attended the Universidad de Chile in Santiago, Chile in 1995, where she studied human rights law. She completed her final year of law school at Emory University School of Law.

Ms. Browning has spent most of her legal career representing plaintiffs in federal securities fraud and corporate governance claims. At Schiffrin Barroway Topaz & Kessler LLP, Ms. Browning concentrates her practice in the areas of securities litigation and stockholders' derivative actions.

Ms. Browning is admitted to practice law in Georgia and has been admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, and all Georgia trial and appellate courts. Ms. Browning is the co-author of "Private Securities Litigation Reform Act of 1995 (PSLRA) Update", which was a chapter in the *Class Actions ICLE of Georgia* (2002).

**JONATHAN R. CAGAN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Cagan received his undergraduate degree, *cum laude*, from Temple University. Mr. Cagan is licensed to practice law in New Jersey, and is admitted to the Third Circuit Court of Appeals. Mr. Cagan concentrates his practice in the area of securities litigation and specializes in discovery matters.

**ALISON K. CLARK**, an associate of the firm, received her law degree, *cum laude*, from Boston University School of Law, and received her undergraduate degree in Political Science, with honors, from Lehigh University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Clark was an attorney with a Fairfield County, Connecticut law firm, where she practiced in the areas of civil and commercial litigation, and real estate transactions. Ms. Clark is licensed to practice law in Connecticut, and has been admitted to practice before the United States District Court for the District of Connecticut. Ms. Clark concentrates her practice in the mergers and acquisitions and shareholder derivative department.

**MARK S. DANEK**, an associate of the firm, received his undergraduate degree in Architecture from Temple University in 1996, and his law degree from Duquesne University School of Law in 1999. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Danek was employed as in-house counsel of a real estate investment trust corporation that specialized in the collection of delinquent property tax receivables. He is licensed to practice law in the Commonwealth of Pennsylvania and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Supreme Court of the United States of America. Mr. Danek concentrates his practice in the area of securities litigation.

**JENNIFER L. ENCK,** an associate of the firm, received her law degree, *cum laude*, from Syracuse University College of Law in 2003 and her undergraduate degree in International Politics from The Pennsylvania State University in 1999. Ms. Enck also received a Masters degree in International Relations from Syracuse University's Maxwell School of Citizenship and Public Affairs. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Enck was an associate with Spector, Roseman & Kodroff, P.C. in Philadelphia, where she worked on a number of complex antitrust, securities and consumer protection cases. Ms. Enck is licensed to practice law in Pennsylvania. She concentrates her practice in the areas of securities litigation and settlement matters.

**ROBERT J. GRAY**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Gray received Bachelor of Sciences degree from La Salle University with a dual major of Accounting and Finance. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gray was an associate at Philadelphia boutique litigation firm practicing in the areas of complex commercial litigation and corporate transactions. Mr. Gray also worked as in-house counsel for a small, publicly-traded holding company.

Prior to beginning his law career, Mr. Gray worked as a forensic accountant for six years, conducting a variety of investigations for numerous governmental agencies and law firms. He received his C.P.A. license in 1997.

Mr. Gray is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area consumer protection.

**JOHN GROSS**, an associate of the firm, received his law degree from Widener School of Law, and his undergraduate degree from Temple University. Mr. Gross is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gross was an insurance defense litigation associate at a large, Philadelphia based firm. Mr. Gross now concentrates his practice in the areas of securities litigation, antitrust litigation and shareholder derivative actions.

**MARK K. GYANDOH**, an associate of the firm, received his undergraduate degree from Haverford College and his law degree from Temple University School of Law. While attending law school Mr. Gyandoh served as the research editor for the Temple International and Comparative Law Journal. He also interned as a judicial clerk for the Honorable Dolores K. Sloviter of the U.S. Court of Appeals for the Third Circuit and the Honorable Jerome B. Simandle of the U.S. District Court for New Jersey. After law school Mr. Gyandoh was employed as a judicial clerk for the Honorable Dennis Braithwaite of the Superior Court of New Jersey Appellate Division.

Mr. Gyandoh is the author of "Foreign Evidence Gathering: What Obstacles Stand in the Way of Justice?," 15 Temp. Int'l & Comp. L.J. (2001) and "Incorporating the Principle of Co-Equal Branches into the European Constitution: Lessons to Be Learned from the United States" found in Redefining Europe (2005). Mr. Gyandoh is licensed to practice in New Jersey and Pennsylvania and concentrates in the area of ERISA, antitrust and consumer protection.

**BENJAMIN J. HINERFELD** is an associate at the firm, and concentrates his work in securities litigation. In 1996, he graduated from the University of Pittsburgh School of Law, where he served as Lead Note and Comment Editor of the Journal of Law and Commerce. From 1996 to 1997, he clerked for the Hon. Sandra Schultz Newman of the Supreme Court of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hinerfeld worked in a securities litigation firm in Wilmington, Delaware.

From 2000 to 2003, Mr. Hinerfeld was a writing consultant with the Undergraduate Writing Center at the University of Texas at Austin. During that time he also co-authored, with Dr. Sarah Jane Rehnborg and Catherine Fallon, "Investing in Volunteerism: The Impact of Service Initiatives in Selected Texas State Agencies" a report prepared by The RGK Center for Philanthropy and Community Service, LBJ School of Public Affairs. He received his bachelor's degree from Vassar College and a master's degree in American History from the University of Texas at Austin.

Mr. Hinerfeld is licensed to practice law in Pennsylvania.

**MICHAEL J. HYNES**, an associate of the firm, received his law degree from Temple University School of Law, and is a graduate of Franklin and Marshall College. Mr. Hynes is licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to

practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Eastern and Middle Districts of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation. He was an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases. At Schiffrin Barroway Topaz & Kessler, Mr. Hynes concentrates his practice in the areas of securities litigation and shareholder derivative litigation.

**TARA P. KAO**, an associate of the firm, received her J.D. from Villanova University School of Law, where she was a Managing Editor of Student Works for the Villanova Law Review. Ms. Kao received her Bachelor of Science in Business/Finance, *with honors*, from Carnegie Mellon University. She is licensed to practice law in Pennsylvania, and concentrates her practice in the area of mergers and acquisitions and shareholder derivative actions.

**D. SEAMUS KASKELA, a**n associate of the firm, received his law degree from Rutgers School of Law – Camden, and received his undergraduate degree in Sociology from Saint Joseph's University. Prior to graduating from law school and joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Kaskela was a law clerk with a large Philadelphia law firm, where he worked in the complex civil litigation department. Mr. Kaskela is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania (pending) and the United States District Court for the District of New Jersey. Mr. Kaskela works in the firm's case development department

**JENNIFER L. KEENEY**, an associate of the firm, received her law degree, *cum laude*, from Temple University Beasley School of Law, where she was the Special Projects Editor for the Temple International and Comparative Law Journal. Ms. Keeney earned her undergraduate degree in History, *with honors*, from Washington University in St. Louis in 2003. She is licensed to practice in Pennsylvania and concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**JAMES A. MARO, JR.,** an associate of the firm, received his law degree from the Villanova University School of Law in 2000. He received a B.A. in Political Science from the Johns Hopkins University in 1997. Mr. Maro is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area of mergers and acquisitions and shareholder derivative actions.

**RICHARD A. MANISKAS**, an associate of the firm, received his law degree from Widener University School of Law, and received his undergraduate degree from the University of Pittsburgh. While in law school, Mr. Maniskas served as Internal Editor of the *Widener Journal of Public Law*. He is licensed to practice law in Pennsylvania and the District of Columbia, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**LISA MELLAS**, an associate of the firm, received her law degree from the University of Florida College of Law and her undergraduate degree from the University of Florida. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Mellas was an associate at White and Williams, LLP, where she practiced in the Property Department. Ms. Mellas is licensed to practice in New York, New Jersey and Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Western District of

Pennsylvania, and the District of New Jersey. She concentrates her practice at Schiffrin Barroway Topaz and Kessler in the area of consumer protection and ERISA

**JAMES H. MILLER**, an associate of the firm, received his J.D. in 2005 from Villanova University School of Law, where he was enrolled in Villanova University's J.D./M.B.A. program. Mr. Miller received his Master of Business Administration from Villanova University in 2005, and received his Bachelor of Chemical Engineering from Villanova University in 2002. Mr. Miller is licensed to practice law in Pennsylvania and concentrates his practice in the areas of mergers and acquisitions and shareholder derivative actions.

**CASANDRA A. MURPHY**, an associate of the firm, received her law degree from Widener University School of Law and her undergraduate from Gettysburg College. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Murphy was an associate at Post & Schell, P.C. where she practiced general casualty litigation. Ms. Murphy is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United State District Court for the Eastern District of Pennsylvania. Ms. Murphy has lectured for the Pennsylvania Bar Institute and the Philadelphia Judicial Conference. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

**CHRISTOPHER L. NELSON**, an associate of the firm, received his law degree from Duke University School of Law, and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Ninth Circuits, and the United States District Court for the Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in numerous pending nationwide class action securities cases.

**MICHELLE M. NEWCOMER,** an associate of the firm, received her law degree from Villanova University School of Law. Ms. Newcomer received her undergraduate degrees in Finance and Art History from Loyola College in Maryland in 2002. Ms. Newcomer is licensed to practice law in Pennsylvania and New Jersey. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**DAVID PROMISLOFF,** an associate of the firm, received his law degree from the University of Michigan in 2005. While in law school, he served as an associate editor of the Michigan Telecommunications and Technology Law Review. Mr. Promisloff received his undergraduate degree from Emory University in 2002, double majoring in political science and history. Mr. Promisloff is licensed to practice in Pennsylvania, and works in the firm's case development department.

**KAREN E. REILLY**, an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island, and has been admitted to practice before the United States

District Courts for the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Reilly practiced at Pelino & Lentz, P.C., in Philadelphia, where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**STEVEN D. RESNICK**, an associate of the firm, received his law degree from The Dickinson School of Law of The Pennsylvania State University, and his undergraduate degree, *cum laude*, from West Chester University. Mr. Resnick is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey and the United States District Court for the District of Nebraska. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Resnick was an associate at the firm of German, Gallagher & Murtagh, where his practice concentrated in the defense of medical malpractice, products liability and premises liability. Mr. Resnick is active in the American Association for Justice and serves on the Board of Governors of the New Lawyers Division. Mr. Resnick has broad experience in Mass Tort litigation and now concentrates his practice in the area of Securities litigation.

**EMANUEL SHACHMUROVE**, an associate of the firm, received his law degree from The University of Michigan Law School, where he was an Associate Editor of the Michigan Journal of Law Reform. Mr. Shachmurove received his Bachelor of Science in Economics, *cum laude*, from The Wharton School at the University of Pennsylvania, where he was a Joseph Wharton Scholar. Mr. Shachmurove concentrates his practice in mergers and acquisitions and shareholder derivative litigation.

**BHARATI O. SHARMA**, an associate of the firm, received her law degree from the American University Washington College of Law, a Master of Public Administration from The George Washington University, and her undergraduate degree from the University of Pittsburgh. Ms. Sharma is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey.

Ms. Sharma is a former judicial law clerk to the Honorable Stephen Skillman, Superior Court of New Jersey, Appellate Division, and a former member of American University's International Law Review. She is the founder and current President of the South Asian Bar Association of Philadelphia. Ms. Sharma also serves on the Executive Committees of the North American South Asian Bar Association and the Philadelphia Bar Association Young Lawyer's Division.

Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Sharma practiced complex civil litigation at a Philadelphia law firm. She now concentrates her practice in the area of securities litigation.

**BENJAMIN J. SWEET**, an associate of the firm, received his juris doctor from The Dickinson School of Law, and his BA, *cum laude*, from the University Scholars Program of The Pennsylvania State University. While in law school, Mr. Sweet served as Articles Editor of the Dickinson Law Review, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. While at Reed Smith, Mr. Sweet co-authored "Assignability of Non-Compete Covenants," 74 Pa. Bar. Q. 64 (April 2003). Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania,

the United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Ninth Circuit.

Mr. Sweet concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members in several nationwide federal securities class actions, including *In re CVS Pharmacy, Inc. Secs. Litig.*, No. 01-11464 (D.Mass. 2005) ($110 million recovery for Class members), *In re Zomax Inc. Secs. Litig.*, No. 04-cv-1155 (D.Minn. 2005) (multi-million dollar cash and stock recovery for Class members), *In re Flextronics Int'l Ltd. Secs. Litig.*, No. 03-cv-2102 (N.D. Cal. 2004) ($4.25 million recovery for Class members) and *In re Black Box Corp. Secs. Litig.*, No. 03-cv-412 (W.D. Pa. 2004) (multi-million dollar recovery for Class Members). Mr. Sweet is currently Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re Tyco Int'l Ltd. Secs. Litig.*, MDL Docket No. 02-1335-B (D.N.H.) and *In re PNC Financial Services Group, Inc. Secs. Litig.*, No. 02cv271 (W.D. Pa.).

**MICHAEL C. WAGNER**, is an associate of the firm, received his undergraduate degree in Government from Franklin & Marshall College, and his law degree from the University of Pittsburgh School of Law in 1996. Mr. Wagner is licensed to practice law in Pennsylvania, and he has been admitted to practice in the United States Court of Appeals for the Third Circuit, and United States District Courts for the Eastern and Western Districts of Pennsylvania, for the Eastern District of Michigan, and for the District of Colorado.

Before joining Schiffrin Barroway Topaz & Kessler, Mr. Wagner worked at Rubin, Fortunato & Harbison, a boutique law firm in Paoli, PA, representing Fortune 100 corporations, as well as individuals and small businesses, in employment matters across the country. Mr. Wagner earlier worked for several years at Spector, Gadon & Rosen, in Philadelphia, concentrating his practice in complex commercial and corporate litigation. At Schiffrin Barroway Topaz & Kessler, Mr. Wagner focuses his practice in the areas of securities litigation and shareholder derivative litigation.

**JOSEPH A. WEEDEN**, an associate of the firm, received his law degree from the University of North Carolina School of Law, where he received the Gressman-Politt Award for outstanding oral advocacy. Mr. Weeden also received his undergraduate degree from the University of North Carolina at Chapel Hill, where he was a Joseph E. Pogue Scholar. Prior to joining the firm, Mr Weeden was an associate at Kaufman & Canoles, P.C., where he practiced in the areas of commercial and business law. Mr. Weeden is licensed to practice law in Virginia, and concentrates his practice in the area of complex ERISA litigation.

**GERALD D. WELLS, III**, an associate of the firm, received his law degree from Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District Court of New Jersey, and the United States District Court for the Eastern District of Michigan.

Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection, and FLSA/overtime litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Bristol-Myers Squibb ERISA Litigation*, No. 02-CV-10129 (LAP) ($41.22 million in cash plus structural remedies valued at up to $52 million) and *Falk v. Amerada Hess Corp., et al.*, No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million); and *In re Westar Energy Inc.*

*ERISA Litig.,* No. 03-4032-JAR (D. Kan.) ($9.25 million cash settlement). Mr. Wells currently serves as counsel in several pending nationwide class and collective actions.

**ROBIN WINCHESTER**, an associate of the firm, received her law degree from Villanova University School of Law, and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania. Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of shareholder derivative actions.

**TERENCE S. ZIEGLER**, an associate of the firm, received his law degree from the Tulane University School of Law. Mr. Ziegler received a Bachelor of Business Administration degree with a concentration in Finance from Loyola University. Mr. Ziegler is licensed to practice law in the State of Louisiana, and has been admitted to practice before the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Eastern District of Louisiana and the United States District Court for the Middle District of Louisiana. Mr. Ziegler concentrates his practice in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

## OF COUNSEL

**ROBERT M. BRAMSON** has more than twenty-five years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, *summa cum laude*, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981. Mr. Bramson is a member of the California Bar.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has acted as lead counsel in two such actions taken to trial - *Pacific West Cable Co. v. City of Sacramento, et al.* (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Coleman et al. v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17204 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation

of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Bramson is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**ALAN R. PLUTZIK** specializes in complex business litigation in state and federal courts throughout the United States. Areas of particular emphasis include class actions, securities fraud and corporate governance litigation, consumer law, antitrust, constitutional and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia (inactive member), and is a member of the bars of the United States Supreme Court, the Second, Eighth, Ninth, Tenth and District of Columbia Circuits and numerous federal district courts throughout the United States.

Mr. Plutzik received his law degree from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and also holds an M. A. from Stanford University. Over the course of his twenty-nine year career, Mr. Plutzik has also handled a wide variety of class actions and derivative cases. He has represented, among other clients, corporate shareholders and limited partners challenging conduct by their general partners, officers or directors; consumers and businesses harmed by price-fixing and other anticompetitive conduct; consumers in actions against insurance companies, banks and other lenders; investors in securities fraud cases and derivative suits; employees in ERISA and wage/hour cases; purchasers of mislabeled and defective products; victims of toxic pollution; persons harmed by defective products; and cellular telephone and cable television subscribers.

Mr. Plutzik has also handled a substantial number of cases that raise First Amendment and other constitutional issues, and has represented broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to new media, cable television franchising and cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge pro tem on the Contra Costa County Superior Court. He is also President of the Warren W. Eukel Teacher Trust, a community-based charity that honors outstanding teachers in Contra Costa County, California.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Plutzik is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**L. TIMOTHY FISHER** specializes in consumer and securities class actions and complex

business litigation. He has been actively involved in several cases in which multi-million dollar recoveries were achieved for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and fraud. Mr. Fisher is a member of the California Bar.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Fisher is an associate in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

# CONSULTANTS

**KEVIN P. CAULEY** serves in the firm's business development and institutional relations department. Mr. Cauley is a graduate of Temple University. Prior to joining the firm, Mr. Cauley was Director of Business Development for a multi-family office in New York City. Mr. Cauley also has prior experience in institutional fiduciary investment consulting, money manager selection, best trade executions, and asset allocation modeling. He has held the Series 7, 24, 63, and 65 licenses with the NASD. Mr. Cauley has also done political consulting in coordinating and directing various aspects of field operations for local, state, and national campaigns in Southeastern Pennsylvania. He is also an active member of The Pennsylvania Future Fund, A.O.H. Division 88 "Officer Danny Boyle Chapter," The Saint Andrews Society, The Friendly Sons of Saint Patrick, The Clover Club of Philadelphia, The Foreign Policy Research Institute, a Board Member of The Princeton Committee on Foreign Relations, and is an elected member to The Pennsylvania Society and The Union League of Philadelphia, where he serves on the Armed Services Committee.

**PETER KRANEVELD**, an advisor to the firm, will work with Schiffrin Barroway Topaz & Kessler to analyze and work on issues such as corporate governance, shareholder rights and activism and how these fit into the interests of the firm's large international client base of pension funds and other institutional investors. An economist by training. Mr. Kraneveld has a long history of working with pension funds and other institutional shareholders. He recently completed an eight year stint working with Dutch pension fund PGGM, a public pension fund for the healthcare sector in the Netherlands, and one of the largest pension funds in Europe. Mr. Kraneveld's last three years at PGGM were spent as a Special Advisor for International Affairs where his main responsibilities included setting up a network among national and international lobbying organizations, domestic and foreign pension funds and international civil servants and using it to promote the interests of the pension fund industry. Mr. Kraneveld served as Chief

Economist for PGGM's Investments Directorate from 1999 until 2004 where his accomplishments included the Tactical Asset Allocation process and designing alternative scenarios for Asset Liability Management.

Prior to his work with PGGM, Mr. Kraneveld worked with the Organisation for Economic Co-operation and Development (OECD) and the Dutch Ministry of Economic Affairs.

**DAVID RABBINER** serves as Schiffrin Barroway Topaz & Kessler's Director of Investigative Services. As the firm's lead investigations necessary to further and strengthen the firm's class-action litigation efforts. Although his investigative services are primarily devoted to securities matters, Mr. Rabbiner routinely provides litigation support, conducts due diligence, and lends general investigative expertise and assistance to the firm's other class-action practice areas. Mr. Rabbiner plays an integral role on the firm's legal team, providing critical investigative services to obtain evidence and information to help ensure a successful litigation outcome. Before joining Schiffrin Barroway Topaz & Kessler, Mr. Rabbiner enjoyed a broad-based, successful career as an FBI Special Agent, including service as an Assistant Special Agent in Charge, overseeing multiple criminal programs, in one of the Bureau's largest field offices. He holds an A.B. in English Language and Literature from the University of Michigan and a Juris Doctor from the University of Miami School of Law.

EXHIBIT D

KT

KOREIN TILLERY
A TORNEY AT LAW

### KOREIN TILLERY LLC

**KOREIN TILLERY** is a twenty attorney law firm with offices in Missouri and Illinois that has recovered billions of dollars in verdicts and settlements in a variety of cases across the country involving pension funds, insurance, securities, antitrust, pharmaceuticals, environmental contamination, tobacco, computer technology and consumer fraud. The firm has received professional recognition for excellence among judges, lawyers and the community.

Founded in 1972, Korein Tillery is recognized by its peers as one of the leading litigation law firms in the United States. Korein Tillery has been named by the National Law Journal in its 2003, 2004, and 2007 "PLAINTIFFS' HOT LIST" as one of the top 15 Plaintiffs' firms from all specialties. *See* THE PLAINTIFFS' HOT LIST, 25 NAT'L L.J. S3 (July 21, 2003); THE PLAINTIFFS' HOT LIST, 26 NAT'L L.J. S6 (July 26, 2004); THE PLAINTIFFS' HOT LIST, 30 NAT'L L.J. S8, (Nov. 22, 2007).

In 2006, the American Bar Association's Securities Litigation Journal, in its article "Top 10 Securities Law Decisions of 2006," noted that the two most significant decisions in the securities law arena were *Kircher v. Putnam Funds Trust* and *Merrill Lynch Pierce Fenner & Smth, Inc. v. Dabit.* In *Kircher,* Korein Tillery served as lead counsel for the plaintiffs' class from the initial trial court filing to the Supreme Court of the United States, where the Court reversed the Seventh Circuit in a 9-0 decision. In *Dabit,* Korein Tillery was brought in to assist the plaintiffs' class after the Court granted certiorari.

Korein Tillery has been appointed as class counsel in more than forty-five class actions[1] and has successfully negotiated some of the country's largest settlements. *See,*

---

[1] *Asbury v. May Dep't Store Co. Ret. Plan,* 97-667-GPM (S.D. Ill. May 3, 1999); *Barbara's Sales Inc., v. Intel Corp.,* 02-L-788 (Ill.Cir.Ct. July 12, 2004); *Berger v. Xerox Corp. Ret. Income Guar. Plan,* 00-584-DRH (S.D. Ill. Dec. 5, 2003); *Call v. Ameritech Mgmt. Pension Plan,* 01-717-GPM (S.D. Ill. Aug. 26, 2003); *City of University City, Missouri, v. AT&T Wireless Services, Inc.,* Case No. 01-CC-004454 (Mo.Cir.Ct. Aug. 30, 2007); *Clutts v. Allstate Ins. Co.,* 02-L-226 (Ill.Cir.Ct. Dec. 6, 2005); *Cooper v. The IBM Pers. Pension Plan,* 99-829 GPM (S.D. Ill. May 19, 2005); *Dunn v. BOC Group Pension Plan,* 01-CV-382-DRH (S.D. Ill. Dec. 11, 2003); *Esden v. Bk. of Boston,* 97-CV-114, (D. Vt. Jan. 12, 2001); *Folkerts v. Illinois Bell Tel. Co.,* 95-L-912 (Ill.Cir.Ct. Jan. 7, 1998); *Fun Serv. of Kansas City, Inc. v. AMF Bowling, Inc.,* 03-DV-203690 (Mo.Cir.Ct. Apr. 22, 2005); *Gans v. Leiserv, Inc.,* 02CC-002115 (Mo.Cir.Ct. Oct. 6, 2004); *Gans v. Seventeen Motors, Inc.,* 01-L-478, (Ill.Cir.Ct. July 1, 2002); *Graf v. Automatic Data Processing,* 00-694-GPM (S.D. Ill Jun 18, 2001); *Harris v. Roto-Rooter Servs. Co.,* 00-

*e.g., Parker v. Sears Roebuck & Co.,* Case No. 04-L-716 (Ill.Cir.Ct., Jan. 16, 2008) (settlement valued at $544.5 million); *Cooper v. The IBM Pers. Pension Plan*, 2005 WL 1981501, 35 Employee Benefits Cas. 2488 (S.D. Ill. Aug. 8, 2005) ($325 million settlement); *Sparks v. AT&T Corp.*, 96-LM-983 (Ill.Cir.Ct. Nov. 4, 2002) ($350 million settlement); *Sullivan v. DB Investments, Inc*, 04-2819 (D.N.J. Nov. 30, 2005) ($290 million settlement); *Folkerts v. Illinois Bell Tel. Co.*, 95-L-912 (Ill.Cir.Ct. July 7, 1998) ($252 million settlement); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 2004 WL 287902, 32 Employee Benefits Cas. 1362 (S.D. Ill. Jan. 22, 2004) ($240 million settlement); *Malloy v. Ameritech*, 98-488-GPM (S.D. Ill. July 21, 2000) ($180 million settlement); *In Re: MCI Non-Subscriber Tel. Rates Litig.*, MDL 1275 (S.D. Ill. Apr. 19, 2001) ($99 million settlement); *Dunn v. BOC Group Pension Plan*, 01-CV-382-DRH (S.D. Ill. Mar. 12, 2004) ($70 million settlement); and *Hoormann v. SmithKline Beecham Corp.*, 04-L-715 (Ill.Cir.Ct., May 17, 2007) ($63.8 million settlement).

Korein Tillery is a leader in representing classes of employees and retirees in fighting pension funds' manipulation of pension accruals and payments that leave retirees

---

L-525 (Ill.Cir.Ct. Nov. 17, 2005); *Howard v. Brown & Williamson Tobacco Co.*, 00-L-136 (Ill.Cir.Ct. Dec. 18, 2001); *Hoormann v. SmithKline Beecham Corp.*, 04-L-715 (Ill.Cir.Ct. Oct. 6, 2006); *In Re: MCI Non-Subscriber Tel. Rates Litig.*, MDL 1275 (S.D. Ill. Jan. 12, 2001); *JC Hauling v. Capital Associates*, 02-L0425 (Ill.Cir.Ct. Feb. 9, 2005); *Joiner v. Ameritech Mobile Commc'ns*, 96-L-121 (Ill.Cir.Ct. Aug. 8, 2000); *Kohl v. Am. Trial Lawyers Ass'n*, AW-97-3264 (D. Md. Nov. 2, 1999); *Laurenzano v. Blue Cross/Blue Shield of Mass. Ret. Income Trust*, 99CV11751 (D. Mass. Apr. 30, 2002); *Little, LLC v. Brinker Missouri, Inc.*, 02CC-003965 (Mo.Cir.Ct. Sept. 23, 2005); *Malloy v. Ameritech*, 98-488-GPM (S.D.Ill. May 3, 2000); *Mangone v. First USA Bank, N.A.*, 00-881-MJR (S.D. Ill. Nov. 21, 2000); *May v. SmithKline Beecham Corp.*, 98-108-WDS (S.D.Ill. May 31, 2001); *Medeika v. Southern New England Tel.*, 97CV01123 (D.Conn. Aug. 9, 1999); *Nichols v. B.P. America Pension Plan*, 01-C-6238 (N.D. Ill. July 15, 2002); *Nichols-Siedhoff v. Ameritech Corp.*, 01-L-456 (Ill.Cir.Ct. Feb. 6, 2004); *Parker v. Sears, Roebuck & Co.*, Case No.: 04-L-716 (Ill.Cir.Ct. Sept. 18, 2007); *Patterson v. Nations Bk.*, 99-481-PER (S.D. Ill. July 29, 1999); *Pierce v. Gold Kist*, CV-97-L-0748-5 (N.D. Ala. Aug. 11, 1997); *Prather v. Pfizer Inc.*, 02-L-480 (Ill.Cir.Ct. Mar. 2, 2004); *Price v. Philip Morris Inc.*, 00-L-112 (Ill.Cir.Ct. Feb. 8, 2001); *Rice v. Nat'l Steel*, 98-L-98 (Ill.Cir.Ct. Jun. 30, 1999); *Richardson v. Fairchild Space & Defense*, 99-1867 (M.D. Penn. Oct. 9, 2001); *Rogers v. Tyson Foods, Inc.*, 01 –LM-1006 (Ill.Cir.Ct. Aug. 17, 2007); *Seifert v. May Co. Ret. Plan*, 96-1028-GPM (S.D.Ill. May 3, 1999); *Shuppert v. Blair Down*, 00-L-223 (Ill.Cir.Ct. Feb. 18, 2004); *Sparks v. Lucent Tech.*, 96-LM-983, (Ill.Cir.Ct. Aug. 9, 2002); *Sullivan v. DeBeers, A.G.*, 04-2819 (D.N.J. Nov. 30, 2005); *Synfuel Tech., v. Airborne Inc.*, 02-CV-324-DRH (S.D.Ill. Oct. 31, 2003); *Todt v. Ameritech Corp.*, 97-L-1020, (Ill.Cir.Ct. Nov. 12, 1997); *Tullock v. K-Mart Corp. Employee Pension Plan*, 99-289-DRH (S.D.Ill. Feb. 22, 2002); *Turner v. R.J. Reynolds Tobacco Co.*, 00-L-113 (Ill.Cir.Ct. Nov. 14, 2001); *Vollmer v. PCH*, 99-434-GPM (S.D.Ill. Jun. 30, 1999); *Wheeler v. Sears, Roebuck & Co.*, 99-L-529 (Ill.Cir.Ct. Apr. 17, 2003); *Wilgus v. Cybersource*, 02-L-995 (Ill.Cir.Ct. Aug. 30, 2004); *Williams v. Con Agra*, 97-L-373 (Ill.Cir.Ct. Oct. 31, 1997).

with smaller pension incomes than are guaranteed by law. In the last eight years, Doug Sprong and Steve Katz of Korein Tillery have acted as court-appointed Lead Counsel in numerous pension fund class actions, recovering over $1 billion in judgments and settlements on behalf of hundreds of thousands of retirees and employees, including the following:

> ***Cooper v. The IBM Pers.Pension Plan****, 2005 WL 1981501, 35 Employee Benefits Cas. 2488 (S.D. Ill. 2005), appeal dismissed, 163 Fed.Appx. 424 (7th Cir. Feb 1, 2006). Korein Tillery attorn challenged IBM's pension equity plan on the grounds that it violated ERISA's prohibition against age discrimination. After obtaining class certification and summary judgment in favor of the class, Korein Tillery obtained a $324 million settlement for the class.

> ***Clevenger v. Dillards, Inc.****, 412 F. Supp. 2d 832 (S.D. Ohio 2006). After successfully challenging both Dillards' method of calculating retirees' lump sum benefits, and Dillard's amendments to the plan affecting the calculations, Korein Tillery obtained a settlement of $35 million for the class.

> ***Berger v. Xerox Retirement Income Guar. Plan****, 231 F.Supp.2d 804 (S.D.Ill. Sep. 30, 2002), aff'd 338 F.3d 755 (7th Cir. Aug. 1, 2003). Korein Tillery obtained a $255 million judgment for a class of retirees in their challenge to Xerox's improper payment of lump sum distributions from a defined benefit, cash balance plan. Following Korein Tillery successful defense of the verdict on appeal, the case settled in March 2004 for $239 million.

> ***Laurenzano v. Blue Cross/Blue Shield of Mass. Ret. Income Trust****, 134 F.Supp. 2d 189 (D.Mass. 2001). Korein Tillery challenged Defendant's exclusion of cost-of-living adjustments in the calculation of retirement benefit lump sums paid to Class Members and recovered approximately $16 million for BCBS retirees.

> ***Esden v. Bk. of Boston****, 229 F.3d 154 (2nd Cir. 2000). Korein Tillery attorneys Douglas Sprong and Steven Katz were class counsel in this groundbreaking case in this ERISA class action. *Esden* has formed the basis for a number of other class actions which netted hundreds of millions of dollars for retirees. *Esden* was the first case to successfully challenge balance-type defined benefit plans.

> ***Malloy v. Ameritech****, 98-488-GPM (S.D.Ill. May 3, 2000). Korein Tillery attorneys Douglas Sprong and Steven Katz were class counsel in this suit for ERISA violations and recovered approximately $185 million in pension benefits for Ameritech retirees.

> ***Berkowitz v. National Westminister Bancorp Ret. Plan****, 2000 WL 852451 (D. Conn. March 30, 2000). Connecticut District Court pension miscalculation case resulting in approximately $4 million to the putative class.

> ***Call v. Ameritech Mgt. Pension Plan****, 475 F.3d 816 (7th Cir. 2007). Southern

3

District of Illinois and Seventh Circuit case wherein $31 million was recovered for Plan participant retirees.

***Williams v. Rohn & Haas Pension Plan***, 497 F.3d 710 (7th Cir. 2007). The Seventh Circuit affirmed a summary judgment in favor of a class of retirees that the defendant pension plan violated ERISA by failing to include the value of a cost-of-living adjustment in the class members' lump sum distributions. The Seventh Circuit remanded the case to the District Court for recalculation of the class members' benefits to include the value of the cost-of-living-adjustment. Korein Tillery estimates that the recalculation will result in additional pension benefits to the class in excess of $100 million.

## OTHER KOREIN TILLERY CLASS ACTIONS

### *Kircher v. Putnam Funds Trust*

In this case, the United States Supreme Court unanimously agreed with Korein Tillery attorneys that district court decisions remanding cases back to state courts after wrongful removal under the Securities Litigation Uniform Standards Act of 1998, like other decisions regarding the propriety of removal, are not appealable. In numerous securities cases, Korein Tillery has successfully defeated defendants' attempts to remove under SLUSA by noting that the causes of action asserted did not meet the all of the requirements for the Act to apply. But defendants were able to protract the litigation by appealing the remand decisions. Based on this Supreme Court's decision, however, defendants will no longer be able to delay litigation by removing cases under the Act and then appealing the district courts' remand decisions.

### *Price v. Philip Morris USA, Inc.*

Korein Tillery served as class counsel for the class of Illinois smokers of Marlboro Lights and Cambridge Lights cigarettes in the case of *Price v. Philip Morris*. The *Price* case was the first consumer fraud "light" cigarette class action case to be certified and tried in the United States. The seven-week trial in 2003 brought together preeminent leaders of the world public health community in support of an Illinois consumer fraud case challenging the use of the word "light" as a deceptive low-tar cigarette descriptor. The 10.1 billion dollar judgment made findings of specific fraudulent conduct of significance to millions of smokers across the country. The Illinois Supreme Court, however, reversed the judgment.

### *Sullivan, et al. v. DB Investments, Inc., et al.*

In another class action on behalf of consumers, Korein Tillery was appointed co-lead counsel representing end-user consumers in this group of class action lawsuits alleging that the De Beers group of companies conspired to fix, raise, and control the

4

price of gem diamonds, monopolized the rough gem diamond market, and issued false and misleading advertising. The lawsuits claim that De Beers' actions violated federal and state antitrust and unfair competition laws, and state consumer protection and deceptive advertising laws—resulting in higher prices for diamonds and diamond jewelry. De Beers has agreed to settle the case for $295 million in addition to entering into an injunction prohibiting this unfair conduct in the future. The settlement has been preliminarily approved and notices have been sent out.

### *Prather v Pfizer Inc.*

A result that reflects Korein Tillery's position as a leader in the prosecution of consumers' fraud and deceptive trade practice claims against prescription drug manufacturers for fraudulent marketing schemes, KT settled this consumer fraud action on behalf of residents of the State of Illinois against the world's largest pharmaceutical company, Pfizer, and its subsidiary, Warner-Lambert, relating to advertising and marketing misrepresentations made regarding the prescription drug Rezulin, which became available in the United States in 1997 for the treatment of Type II diabetes. On behalf of our clients, KT alleged that the defendants failed to inform the public of the severity and frequency of liver toxicity associated with Rezulin. The resulting settlement, approved in December, 2004, established a fund of $60 million, representing an 85% recovery for members of the class, all of which would be eventually refunded to members of the class or used to fund diabetes research. To date, the *Prather* action is the only successful class action case involving the drug Rezulin.

### *Hoorman v. SmithKline Beecham Corp.*

Similarly, in *Hoormann*, Plaintiffs alleged that although it had actual knowledge that Paxil® and Paxil CR™ would not work and would expose children and adolescents to dangerous side effects, GSK promoted Paxil® for prescription to children and adolescents while withholding and concealing negative information concerning its safety and effectiveness in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and other states' consumer protection statutes. Following three years of litigation, the parties reached a settlement that established a $63.8 million fund calculated to reimburse class members 100% of their out-of-pocket expenses.

### *Barbara's Sales v. Intel Corp.*

Following the discovery that Intel's Pentium 4 processors released in 2000 and 2001 were not any faster than less expensive Pentium III, Celeron or AMD Athlon processors that were based on an older design, Korein Tillery filed suit against Intel and the world's leading computer manufacturers. Plaintiffs, working in opposition to such firms as Skadden Arps, Perkins Cole Brown & Bain, Morgan Lewis, among others, and *amici* from the U.S. Chamber of Commerce, have defeated defendants' attempts to remove the action and attacks on the pleadings and forum (including appellate review) and obtained class certification. On review the Illinois intermediate appellate court became the first appellate court in the country to approve applying the law of the

defendant's principal place of business to class members wherever they may be found.

### *Sparks v. AT&T Corporation and Lucent Technologies, Inc*

*Sparks* was a nationwide class action against AT&T and Lucent Technologies arising from their business of leasing telephone sets to residential consumers. In 1984, AT&T began independently charging leasing fees to residential customers for the telephone sets that customers received when they first obtained telephone service. AT&T continued to charge residential customers the monthly lease charges by sending a quarterly bill for "leased equipment" without identifying the fact that the leased equipment was a telephone set, the quantity of sets supposedly being leased, or the style of the sets. Many customers continued to pay the bill over the intervening 15 years believing that AT&T was charging for access to long-distance telephone service. *Sparks* was one of the largest nationwide class action cases ever certified consisting of more than 20 million people. In litigation spanning seven years, including numerous appeals, Korein Tillery attorneys deposed more than 150 corporate designees and fact witnesses and reviewed and catalogued more than 3.2 million pages of documents. The parties reached a settlement on the eve of trial in which the defendants agreed to pay up to $300 million in cash to the class members.

### *Folkerts v. Illinois Bell*

In this consumer fraud class action brought on behalf of Illinois customers of Ameritech, the plaintiffs alleged that Ameritech's practice of adding inside-wire maintenance charges to the bills of customers who had not requested such a service constituted a deceptive practice under the Illinois consumer fraud act. A team of Korein Tillery attorneys took dozens of depositions and reviewed millions of documents pursuing the case. After three years of litigation the case settled for $175 million.

### *Joiner v. Ameritech Mobile Communications, Inc.*

Korein Tillery attorneys were appointed Class Counsel in this consumer fraud and breach of contract case against Ameritech Mobile in connection with its "round up" practice of charging customers for one full minute of airtime for each portion of a minute used. Korein Tillery negotiated the largest settlement of any cellular phone "round-up" case in the nation receiving court approval in December 2000. Korein Tillery was involved in and settled similar litigation against Southwestern Bell Mobile in 1998.

# EXHIBIT E

CURRICULUM VITAE

EDGAR PAUK
144 East 44th Street, Suite 600
New York, New York 10017
Tel  (212) 983-4000
Fax  (212) 808-9808

EDUCATION:    B.A. University of Pennsylvania, 1960;
              L.L.B. Yale Law School, 1963;
              Ph.D. Yale Graduate School, 1970.

LEGAL EXPERIENCE:

Since May 1999: Offices of Edgar Pauk, Esq., specializing in litigating violations of ERISA's minimum accrual standards in defined benefit plans on behalf of participants and beneficiaries.

Founder and former Director of The New York Pension Hotline, one of ten Pension Demonstration Projects financed by the U.S. Administration on Aging.  The Hotline provided free legal advice on pensions issues to New York State residents.

1980 to May 1999: Legal Services for the Elderly Poor:  Deputy Director and Senior Attorney, specializing in ERISA litigation, and providing ERISA training and support to other Legal Services and Legal Aid programs in New York City.

1976 to 1980: Layton and Sherman: Commercial litigation and international arbitration.

PROFESSIONAL EXPERIENCE:

- U.S. Department of Labor Advisory Council on Employee Welfare and Pension Benefit Plans
   (1989-1992);
- New York City Bar Association: Committees, Legal Assistance, Employee Benefits,
   Administrative Law, and Provision of Legal Services to Persons of Moderate Means;
- National Pension Assistance Project Lawyers Advisory Committee, Pension Rights Center;
- National Employment Lawyers' Association, ERISA Committee;
- ABA, Labor Section, Employee Benefits Committee.

LEGAL PUBLICATIONS:

- "ERISA and the Unlawful 'Backloading' of Pension Benefits", Clearinghouse Review, Sept-Oct
   1997, pp. 228-232;
- "When Does the Statute of Limitations for Article 78 Special Proceedings Begin to Run? A

Proposed Amendment to CPLR § 217", The Record, June 1990, pp. 661-669 (for the Committee on Administrative Law of the Association of the Bar of the City of New York);

- "Firestone v Bruch and the 'Colorable Claim' Requirement: The Right of Former Participants and their Beneficiaries to Plan Information and Documents", The Record, March 1991, pp.181-188 (for the Committee on Employee Benefits of the Assoc of the Bar).

TESTIMONY

- Invited to testify in 1997 before the Senate Committee on Aging regarding the obstacles standing in the way of many retirees's obtaining their pensions;
- Invited to testify before the US Department of Labor's ERISA Advisory Council on pension information and disclosure issues;
- Invited to testify in 1992 before the Subcommittee On Retirement Income And Employment, House Select Committee On Aging, regarding problems encountered by retirees in obtaining assistance with their pension problems.  Provided extensive written recommendations for systemic changes.

OTHER PROFESSIONAL EXPERIENCE:

- Taught, Yale College and Queens College, City University of New York;
- Fulbright Scholar to Spain;
- V.P. for Senior Colleges, and Chairman of Grievance Committee, United Federation of College Teachers, AFL-CIO 1460, City University of New York; participated in all phases of collective bargaining between the faculty and the New York City Board of Higher Education.

LANGUAGES:  Italian, Spanish, French, German.

August 2008

EXHIBIT F

## FIRM RESUME – GOTTESDIENER LAW FIRM, PLLC

Gottesdiener Law Firm, PLLC, with offices in New York and Washington, D.C., represents current and former employees in ERISA pension class action lawsuits across the country. The Firm concentrates on statutorily-based benefit miscalculation arising out of in defined benefit pension plan formulas including those employed by cash balance and pension equity plans. The Firm also prosecutes more routine pension benefit miscalculations or breaches of fiduciary duty by plan administrators which cause alleged harm to the plan or its participants.

The Firm has successfully concluded class actions filed against some of the largest plans in the country, recovering, singly or working with other pension lawyers, hundreds of millions of dollars for the affected participants.

The Firm's significant cases include:

- A cash balance pension benefit putative class action against Bank of America. In this case, *Pender v. Bank of America Corp., et al.*, 05-238-C (W.D.N.C.), plaintiffs allege lump sums were miscalculated (so-called "whipsaw" violations) and that the rights of 401(k) plan participants were violated when the Bank transferred 401(k) plan assets to the cash balance plan in a transaction designed to profit the Bank at employees' expense;

- A cash balance pension benefit putative class action against PricewaterhouseCoopers LLP ("PwC"). The key contention here is that PwC used a fictitious definition of "retirement" to evade the law's lump sum distribution requirements and short-change employees when they left the Firm and requested a cash-out of their plan benefit. *See Laurent v. PricewaterhouseCoopers LLP, et al.*, 06-2280 (GBD) (S.D.N.Y.) (pending);

- Two related pension benefit miscalculation class actions against AT&T, Inc.: *Wagener v. SBC Pension Benefit Plan-Nonbargained Program*, Civ. No. 03-CV-769 (D.D.C.) (class certified; pending) and *Calder v. SBC Pension Benefit Plan*, No. SA-07-CA-340-XR (W.D. Tex.). A $16 million settlement in *Wagener* was preliminarily approved in July 2008,

- A pension and 401(k) class action case against New York Life Insurance Company, *Mehling v. New York Life Ins. Co.*, Civ. No. 99-CV-5417 (E.D. Pa.) (settlement approved in March 2008 for $14 million);

- A 401(k), ESOP and pension plan class action against Enron Corporation and numerous other defendants, *Tittle, et al. v. Enron Corp., et al.*, H-01-3913 (S.D. Tex.) (settled over several years in phases; total recovery for participants exceeded $225 million);

- A pension class action against the Trustees and other fiduciaries of the United Food and Commercial Workers Pension Plan, *Bell v. Executive Committee*, Civ. No. 01-236 (D.D.C.)(settled in April 2003 for $10 million);

- A 401(k) class action against SBC Communications, Inc., *Gottlieb v. SBC Communications, Inc.*, CV-00-4139 AHM (C.D. Calif.) (settled in December 2002 for $10 million);

- Two 401(k) class actions against First Union Corporation, *Franklin v. First Union Corp.*, 99-CV-344 and 99-CV-610 (settled in June 2001 for $26 million).

August 2008